IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIANE ADESHIGBIN, and all those similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | No. _____ |
| v. | : : | *Jury Trial Demanded* |
| THE CITY OF PHILADELPHIA, PENNSYLVANIA, | : : : | COLLECTIVE ACTION |
| Defendant. | : : | |

## COMPLAINT

Plaintiff, by and through her counsel, Kang Haggerty & Fetbroyt LLC, files this complaint against the City of Philadelphia and avers as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit against Defendant, the City of Philadelphia ("Defendant" or the "City"), due to the City's failure to pay Plaintiff and similarly situated individuals timely overtime wages as required under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This collective action lawsuit is brought under the FLSA on behalf of non-exempt employees, excluding correctional guards, fire protection employees, and law enforcement employees, employed by the City since March 25, 2019 who have not been timely paid in full for overtime wages, which includes being paid overtime at the incorrect rate and not fully being paid for time worked over forty hours in a work week.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is presented.

4. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because the Eastern District of Pennsylvania is the judicial district in which the events giving rise to the claim occurred.

## PARTIES

5. Plaintiff, Adriane Adeshigbin, is an adult individual who resides at 6433 Emlen Street, Philadelphia, Pennsylvania 19119. She is a non-exempt employee under the FLSA and is currently employed by the City as an Office Clerk Typist 2.

6. Defendant, the City of Philadelphia, is a city of the first class of the Commonwealth of Pennsylvania with offices located at 1515 Arch Street, Philadelphia, PA 19102.

## FACTUAL BACKGROUND

7. On or around March 25, 2019, Defendant implemented a new payroll software system called the OnePhilly Program.

8. OnePhilly was designed to integrate the City's systems for timekeeping, payroll, pensions, and benefits into one combined system.

9. All City departments, and their employees, now use the OnePhilly payroll system.

10. Once OnePhilly became the uniform payroll system, however, thousands of employees who worked overtime have not been paid in full for their overtime wages.

11. As public sector employees, Plaintiff and similarly situated individuals can elect to have their overtime wages be paid in compensatory time in lieu of cash payments.

12. OnePhilly now requires that certain non-uniformed employees be paid according to a 7.5-hour day/37.5-hour work week. A copy of a OnePhilly Manual is attached to this complaint as **Exhibit 1** and incorporated by reference.

13. Plaintiff and the similarly situated individuals fall into this category of non-uniformed employees paid according to the 7.5-hour day/37.5-hour work week.

14. These employees have experienced identical issues related to OnePhilly causing overtime wages to be underpaid or unpaid.

    A.    **Defendant's Existing Knowledge of OnePhilly's System Failures**

15. Before OnePhilly was implemented, Defendant knew the system had major flaws and was not ready to be rolled out.

16. As early as September 2016, during the design stages of the OnePhilly system, it was known that a mistake in the OnePhilly system could cause an employee to be underpaid or unpaid, while a mistake in the old payroll system would not cause an employee to be underpaid or unpaid. A copy of the OnePhilly Newsletter for September/October 2016 is attached to this complaint as **Exhibit 2** and incorporated by reference.

17. In July 2018, it was reported that the OnePhilly system would not go into effect until all implementation issues were resolved. A copy of the AFSCME Local 2187 2018 Summer Newsletter is attached to this complaint as **Exhibit 3** and incorporated by reference.

    B.    **OnePhilly Implementation and Failure to Timely Pay Overtime In Full**

18. Despite the clear warnings that OnePhilly was not ready, it was still implemented on March 25, 2019.

19. Almost immediately after the implementation of OnePhilly, Plaintiff started missing overtime pay from her paychecks.

20. Plaintiff, who is non-exempt under the FLSA and paid according to a OnePhilly mandated 37.5-hour work week, consistently worked greater than forty hours in a work week and the City has consistently failed to pay her in full for her overtime in a timely manner.

21. The City failed to timely pay Plaintiff overtime at the correct overtime rate (i.e., failure to pay an employee's hourly rate multiplied by 1.5) and failed to pay all time worked that constituted overtime.

22. The City has not fully reimbursed Plaintiff her missing overtime pay from her paychecks.

23. Even in situations where the City reimbursed Plaintiff, the reimbursements, at the earliest, did not occur until the Plaintiff's next paycheck.

24. When Plaintiff would inquire to her supervisor or human resources representative about missing overtime pay, there would be no definitive answer as to whether the problems would be corrected.

25. The City knew that overtime was missing from Plaintiff's paychecks; however, there has been no solution for this reoccurring problem.

26. Instead of ensuring that Plaintiff was receiving her overtime wages in a timely manner, the City allowed Plaintiff to continue to be underpaid.

27. Defendant, as the keeper of all payroll records, has exclusive access to payroll records, making Plaintiff unable to precisely state the amount of overtime pay that was missing from her paychecks.

28. Further, the paychecks issued by the City lack detailed information such that Plaintiff is unable to determine how her inadequate net pay is broken down.

C. **FLSA Collective Action Allegations**

29. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

30. The failure to receive timely overtime payments in full is a problem that is consistent with other similarly situated individuals.

31. The employees similarly situated in this collective action are:

> All persons since March 25, 2019 who are, have been, or will be employed by the City of Philadelphia who are considered by the City of Philadelphia to be covered employees under the Fair Labor Standards Act, who are not employed as correctional guards, fire protection employees, and law enforcement employees, who work a 7.5 hour day/37.5 hour week schedule, have worked in excess of forty (40) hours during a workweek for which they were not paid in full in their paycheck for the workweek, and file a consent to join this action pursuant to 29 U.S.C. § 216(b).

32. Defendant, as the keeper of records, will have no difficulty identifying which employees are covered by the proposed collective.

33. Plaintiff and similarly situated individuals are all treated the same for payroll purposes since OnePhilly was implemented.

34. The City failed to timely pay the proposed collective overtime at the correct overtime rate (i.e., failure to pay an employee's hourly rate multiplied by 1.5) and failed to adequately pay all time worked that constituted overtime because of OnePhilly.

35. Before OnePhilly, each department handled its own payroll and there was no uniformity between departments as to whether employees worked a 7.5-hour day with 30 minutes of unpaid lunch or an 8-hour day with 30 minutes of unpaid lunch. *See* Exhibit 1.

36. Since the implementation of OnePhilly, employees in the proposed collective are treated the same and all are paid according to a uniform 7.5-hour work day with 30 minutes of mandatory unpaid lunch that creates a 37.5-hour work week.

37. The creation of OnePhilly also established a uniform payroll system throughout the entire City's workforce; as such, all departments that employ employees of the proposed collective use the OnePhilly payroll system.

38. Because the implementation of OnePhilly centralized the City's payroll policies, employees of the proposed collective, throughout all departments within the City, have been equally affected by the OnePhilly overtime issues and the members of the proposed collective all suffered from the OnePhilly system in a similar fashion.

39. The members of the proposed collective did not have these extensive and consistent issues with missing overtime pay before OnePhilly.

40. Although Plaintiff and the proposed collective are employed in different departments throughout the City, they are treated the same under OnePhilly, they are victims to the OnePhilly system in a similar fashion, and their issues with their paychecks since OnePhilly are identical – they are not timely receiving the correct overtime wages that they have earned.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Plaintiff, individually v. Defendant)**

41. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

42. Plaintiff Adeshigbin has consented to be a part of this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's consent is attached to this complaint as **Exhibit 4** and incorporated by reference.

43. Plaintiff, since March 25, 2019, worked in excess of the applicable number of maximum hours under the FLSA and related regulations.

44. Specifically, Plaintiff, since March 25, 2019, worked in excess of forty hours during work weeks and was not timely paid in full for her time worked in excess of forty hours.

45. Defendant knew that Plaintiff was working in excess of forty hours during work weeks.

46. Because Plaintiff worked in excess of forty hours during a work week, Defendant, under the FLSA, was required to compensate her at a rate of one and a half times her hourly rate for time worked in excess of forty hours.

47. Defendant knowingly violated the FLSA when it failed to pay Plaintiff in a timely manner for all time worked in excess of forty hours in a work week.

48. Defendant knowingly violated the FLSA when it failed to pay Plaintiff in a timely manner at a rate of one and a half times her hourly rate for time worked in excess of forty hours in a work week.

49. Each instance by the City to fail to timely pay Plaintiff her due overtime was a violation of the FLSA even if the City paid the overtime wage at a later time.

50. Defendant knowingly violated the FLSA because it knew that Plaintiff was not timely getting paid in full for overtime since the OnePhilly system started to run on March 25, 2019.

51. Despite knowing that Plaintiff was not going to get paid overtime wages in full and in a timely manner, Defendant allowed the FLSA violations to occur.

WHEREFORE Plaintiff prays for this Honorable Court to grant judgment in her favor and to award her compensatory damages, pre-judgment and post-judgment interest, liquidated damages, attorneys' fees, punitive damages, costs, and any other relief the Court deems necessary.

## COUNT II
## COLLECTIVE ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Plaintiff, on behalf of similarly situated individuals v. Defendant)

52. Plaintiff, on behalf of all similarly situated individuals, incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

53. Plaintiff, on behalf of similarly situated individuals, files this collective action under 29 U.S.C. § 216.

54. The employees similarly situated in this collection action are:

> All persons since March 25, 2019 who are, have been, or will be employed by the City of Philadelphia who are considered by the City of Philadelphia to be covered employees under the Fair Labor Standards Act, who are not employed as correctional guards, fire protection employees, and law enforcement employees, who work a 7.5 hour day/37.5 hour week schedule, have worked in excess of forty (40) hours during a workweek for which they were not paid in full in their paycheck for the workweek, and file a consent to join this action pursuant to 29 U.S.C. § 216(b).

55. Members of the proposed collective are known to Defendant and are readily identifiable through Defendant's records.

56. Plaintiff and the proposed collective members are all non-exempt employees under the FLSA.

57. Plaintiff and the proposed collective members are paid according to a 7.5-hour day/37.5-hour week as established by OnePhilly.

58. Plaintiff and the proposed collective members are employed by Defendant as defined under the FLSA.

8

59. The named Plaintiff has consented to be a part of this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 4.

60. Defendant is an employer that must follow the regulations set forth in the FLSA.

61. Defendant allowed Plaintiff and the proposed collective to work in excess of forty hours during a work week.

62. Defendant knew that Plaintiff and the proposed collective were working in excess of forty hours during a work week, and Defendant knowingly failed to timely pay, in full, Plaintiff and the proposed collective overtime wages for time worked in excess of forty hours in a work week.

63. Defendant is aware of the requirements under the FLSA to timely pay non-exempt employees like Plaintiff and the proposed collective overtime wages as defined by the FLSA.

64. Defendant knowingly violated the FLSA by failing to timely pay Plaintiff and similarly situated individuals overtime wages.

65. Each instance by the City to fail to timely pay the collective overtime wages was a violation of the FLSA, even if the City paid the overtime wages at a later time.

66. Plaintiff and the proposed collective are a part of the OnePhilly policy that established a uniform 7.5-hour day/37.5-hour work week for certain employees.

67. Plaintiff and the proposed collective are all victims of the systemic failure by the City to timely pay overtime wages in full after implementing the OnePhilly payroll system.

68. Defendant treated all persons in the collective equally and all persons in the collective endured similar FLSA violations by the Defendant as a result of not getting paid their owed overtime wages in a timely manner.

69. Defendant is therefore liable to the collective for unpaid overtime wages, as well as liquidated damages, under the FLSA for its failure to timely pay Plaintiff and the proposed collective their overtime wages in full.

70. Notice of this collective action should be sent to all potential collective members. There are potentially thousands of affected individuals who may be unaware of their legal rights against Defendant and can benefit from opting into this action to collect their wages and liquidated damages due under the FLSA.

**WHEREFORE** Plaintiff, on behalf of similarly situated individuals, prays for this Honorable Court to designate this action as a collective action on behalf of similarly situated individuals and to prompt issuance of notice to all similarly situated individuals, grant judgment in Plaintiff's and similarly situated individuals' favor, and to award Plaintiff and similarly situated individuals compensatory damages, pre-judgment and post-judgment interest, liquidated damages, attorneys' fees, punitive damages, costs, reasonable compensation to the named Plaintiff, and any other relief the Court deems necessary.

## JURY DEMANDED

Plaintiff hereby demands trial by jury of twelve (12) on all issues so triable.


Respectfully submitted,

KANG HAGGERTY & FETBROYT LLC

By: */s/ Edward T. Kang*
Edward T. Kang
Michael S. Weinert
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
Tel: 215-525-5850
Fax: 215-525-5860
ekang@KHFlaw.com

                                                                                     mweinert@KHFlaw.com
                                                                                     *Attorneys for Plaintiff*

Dated: December 23, 2019