**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|   |   |   |
|---|---|---|
| ADRIANE ADESHIGBIN, *et al*, | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 2:19-cv-06079 |
| v. | : | |
| | : | ***Jury Trial Demanded*** |
| THE CITY OF PHILADELPHIA, | : | |
| PENNSYLVANIA, | : | COLLECTIVE ACTION |
| | : | |
| Defendant. | : | |
| | : | |

_____

## <u>ORDER</u>

NOW, this _____ day of _____, 2021, upon consideration of Plaintiff's

Unopposed Motion for Approval of Collective Action Settlement, the accompanying

Memorandum, and all other papers and proceedings herein, it is hereby **ORDERED** as follows:

1. The settlement of this collective action, as stated in the Settlement Agreement and

   Release attached to the Unopposed Motion, is **APPROVED** because it represents a

   fair and reasonable settlement of a *bona fide* dispute under the Fair Labor Standards

   Act, 29 U.S.C. § 201, *et seq.*

2. The claims of the 107 Releasing Collective Plaintiffs, as identified in the Settlement

   Agreement and Release, are **DISMISSED WITH PREJUDICE**, although the Court

   will retain jurisdiction over any disputes pertaining to the enforcement of the

   settlement.

3. The claims of the 66 Non-Releasing Collective Plaintiffs, as identified in the

   Settlement Agreement and Release, are **DISMISSED WITHOUT PREJUDICE**

_____
Hon. John Milton Younge
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                  :
ADRIANE ADESHIGBIN, *et al*,      :
                                  :    CIVIL ACTION
                    Plaintiffs,   :
                                  :    No. 2:19-cv-06079
            v.                    :
                                  :    ***Jury Trial Demanded***
THE CITY OF PHILADELPHIA,         :
PENNSYLVANIA**,**                 :    COLLECTIVE ACTION
                                  :
                    Defendant.    :
_____ :

### PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF
### <u>COLLECTIVE ACTION SETTLEMENT</u>

Plaintiff, Adriane Adeshigbin, respectfully moves for judicial approval of the settlement of this collective action. The pertinent settlement terms and procedures are described in the proposed settlement agreement attached to the accompanying Memorandum. As discussed in Plaintiff's Memorandum, the settlement should be approved because it represents a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.

WHEREFORE, Plaintiff respectfully requests that the Court sign and enter the accompanying proposed order.

Respectfully submitted,
**KANG HAGGERTY & FETBROYT LLC**

By: *<u>/s/ Susan Moon O</u>*
Edward T. Kang
Susan Moon O
123 South Broad Street, Suite 1670
Philadelphia, PA 19109
Tel 215-525-5850
ekang@kanghaggerty.com
so@kanghaggerty.com
*Attorneys for Plaintiff Adriane Adeshigbin*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

ADRIANE ADESHIGBIN, *et al*,

                Plaintiffs,

        v.

THE CITY OF PHILADELPHIA,
PENNSYLVANIA,

                Defendant.

_____

CIVIL ACTION

No. 2:19-cv-06079

*Jury Trial Demanded*

COLLECTIVE ACTION

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

This Fair Labor Standards Act ("FLSA") lawsuit has been settled, and Plaintiff, Adriane Adeshigbin ("Adeshigbin"), individually and on behalf of the collective members, respectfully submits this brief in support of her unopposed motion for approval of the settlement. The settlement is fair and reasonable and warrants approval.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Adeshigbin initiated this lawsuit on December 23, 2019 by filing a collective action complaint against the City of Philadelphia, Pennsylvania ("City"), asserting claims under the FLSA. *See* Complaint (Doc. 1). Adeshigbin alleged that she and other similarly situated employees did not receive full overtime compensation as a result of problems with the City's new payroll software system called the OnePhilly Program and that the City implemented the OnePhilly Program despite knowledge of problems with the system. The City denied any system-wide problem with OnePhilly or that it had "clear warnings" that OnePhilly was not ready for implementation. The City also asserted various affirmative defenses, including the doctrine of unclean hands and doctrine of payment.

1

After conducting discovery related to Adeshigbin's individual claims and for conditional certification as permitted under the Court's Scheduling Order (Doc. 13), the parties submitted a Joint Stipulation Regarding Conditional Certification and Court-Approved Notice on June 25, 2020 (Doc. 16). The Court entered an order conditionally certifying the collective as follows:

> All persons since March 25, 2019: (1) who are, have been, or will be employed by the City of Philadelphia, considered by the City of Philadelphia to be covered employees under the Fair Labor Standards Act; (2) who are not represented by Fraternal order of Police, Lodge 5, the International Association of Fire Fighters, Local 22, or American Federation of State, County, and Municipal Employees, District Council 33, Local 159B; (3) worked a 7.5 hour day/37.5 hour week schedule; (4) worked out-of-class during overtime hours in a workweek in which they worked in excess of forty (40) hours and were not paid in full in their paycheck for those out-of-class overtime hours; and (5) file a consent to join this action pursuant to 29 U.S.C. § 216(b).

Order (Doc. 17). Under the Joint Stipulation, the City agreed to provide Adeshigbin with identifying information for all employees covered by the collective. (Doc. 16). Based on the information provided by the City, Adeshigbin mailed out her Court-approved Notices and Consent Forms. As a result of the notice process, a total of One Hundred Seventy-Three (173) Plaintiffs submitted consents to become party plaintiffs in this collective action and to designate lead Plaintiff, Adeshigbin, to make all decisions on behalf of all plaintiffs with regard to all matters pertaining to the action, including settlement.[1] *See* Consent Forms (Docs. 18-190).

During discovery, Plaintiffs requested and the City produced payroll records for the 173 collective members. From the records, Plaintiffs determined that 107 collective members had not been paid in full in their paycheck for reported out-of-class overtime hours. The remaining 66

---

[1] Two individuals, Stanley Bryson and Ralph Ross, submitted and later withdrew their consent to join form, and are not covered by this settlement. *See* Notice (Doc. 199).

collective members did not work overtime out-of-class or were already paid in full for out-of-class overtime hours.

Following the close of discovery and Adeshigbin's production of an expert report, the parties engaged in several arms-length settlement discussions before the Honorable Carol Sandra Moore Wells, United States Magistrate Judge.  The negotiations have resulted in a settlement that will benefit all 107 members who were not paid in full in their paycheck for out-of-class overtime hours. *See* Proposed Settlement Agreement, attached hereto as Exhibit A. This settlement does not include any damages stemming from any violation of the FLSA based on untimely out-of-class overtime payment, which payments were subsequently paid in full, and the City is not released from any claim based on violation of the FLSA based on untimely out-of-class overtime payment.

If approved, the $54,141.44 settlement fund will be distributed as follows:

1. $300.00 will be paid to the lead Plaintiff, Adriane Adeshigbin, as her damages;

2. $13,460.36 in unpaid wages will be paid to 107 Member Plaintiffs as identified and apportioned in the list attached to the Proposed Settlement Agreement as Exhibit 1. The City will pay the unpaid wages to the 107 Member Plaintiffs through the City's payroll system;

3. $13,460.36 as liquidated damages will be paid to 107 Member Plaintiffs as identified and apportioned in the list attached to the Proposed Settlement Agreement as Exhibit 1. The City will either a) administer the payment of this settlement amount; or b) pay plaintiff's counsel's fees in administering this settlement payment, up to $2,500.00; and

4. $26,920.72 will be paid to Plaintiffs' counsel for attorneys' fees and costs.

*See* Proposed Settlement Agreement, Ex. A.

3

The payments to Plaintiffs under the settlement represent 100% of the unpaid wages for out-of-class overtime pay, plus an equal amount of unpaid wages as liquidated damages. Lead Plaintiff, Adeshigbin, has approved the settlement on her behalf and on behalf of the collective members.

## II.    ARGUMENT

As discussed below, the settlement is fair, reasonable, and adequate and warrants Court approval.

### A.    Settlement Should Be Approved as a Fair and Reasonable Resolution of a Bona Fide Dispute

Courts approve a settlement of FLSA claims "if it settles a bona fide dispute and '(1) the settlement is fair and reasonable for the employee(s), and (2) the agreement furthers the FLSA's implementation in the workplace.'" *Solkoff v. Pennsylvania State University*, 435 F. Supp. 3d 646, 652 (E.D. Pa. 2020) (quoting *Howard v. Phila. Hous. Autho.*, 197 F. Supp. 3d 773, 776 (E.D. Pa. 2016)).

#### 1.    Settlement Resolves a Bona Fide Dispute

A dispute is "bona fide" where it involves "factual issues rather than legal issues such as the statute's coverage and applicability." *Howard*, 197 F. Supp. 3d at 776. "[F]or a bona fide dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Id.* at 778.

Here, Plaintiffs allege that the City implemented a faulty payroll system and willfully violated the FLSA by failing to pay them in full for out-of-class overtime hours. The City denied knowledge of any major flaws in the OnePhilly system or that the City had "clear warnings" that the OnePhilly system was not ready. Answer ¶¶ 15 & 18 (Doc. 11). The City also rejected Plaintiffs' claims by denying that its employees were not paid in full for their overtime wages and

by alleging that user mistake "could potentially result in underpayment/non-payment of employees." *Id.* ¶¶ 10 & 16. Moreover, as noted by one district court, the adversarial nature of a litigated FLSA case can demonstrate a *bona fide* dispute. *See de Munecas v. Bold Food, LLC*, 2010 WL 3322580, at *7 (S.D.N.Y. Aug. 23, 2010). Thus, the *bona fide* dispute factor is satisfied here.

2.    <u>Settlement is Fair and Reasonable to Plaintiffs</u>

Here, the settlement is fair and reasonable. First, the settlement is the product of arms-length bargaining conducted before the Magistrate Judge, Honorable Carol Sandra Moore Wells, after meaningful discovery. After the parties came to an agreement, Judge Wells noted her belief that the settlement was fair and reasonable to the collective plaintiffs. This factor weighs heavily in favor of court approval. *See, e.g.*, *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery").

Second, with respect to the 107 collective members who have not been paid in full, the members will receive not only 100% of their unpaid out-of-class overtime pay, but also an equal amount of their unpaid overtime pay as liquidated damages. The remaining collective members who will not receive any damages are members who were already paid in full and are not owed any overtime pay for out-of-class hours.

Third, because Plaintiffs' claims relate to problems with the OnePhilly system, which appear from payroll records to have been addressed for the most part, continued litigation will not provide any prospective benefits to the class.

Fourth, the settlement enables collective members to avoid significant litigation risks, including the possibility of decertification. Rather than risk the possibility that the Court will not ultimately view this action as appropriate for collective action treatment due to purported

5

dissimilarities among individual collective members, settlement provides definite payment to 107 collective members with full unpaid overtime pay as well as full liquidated damages.

Fifth, the settlement enables the 107 collective members to obtain a recovery without delay. Considering the amount of potential damages per individual collective member, it is highly unlikely that each individual collective member would initiate individual lawsuits. The federal court filing fee itself would be cost-prohibitive to individual action. By participating in this collective action settlement, the collective members can take advantage of the efficiencies and economies of the collective action device, which enables employees with low-dollar individual claims to pursue their FLSA claims by pooling resources with similarly situated employees. *See Evans v. Lowe's Home Centers, Inc.*, 2006 WL 1371073, at * 5 (M.D. Pa. May 18, 2006) (FLSA collective action device serves objectives of "lowering cost and limiting the controversy to one proceeding to efficiently resolve the common issues of law and fact.").

As such, settlement is fair and reasonable and warrants judicial approval.

### B.    Attorneys' Fees Should Be Approved Because It Is Fair and Reasonable

Under FLSA, "reasonable attorneys' fee[s] … and costs" is mandatory. 29 U.S.C. § 216(b). To ensure reasonableness, "judicial review is required 'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Farris v. National Forensic Consultants, Inc.*, 2019 WL 2502267, at *4 (E.D. Pa. Apr. 24, 2019).

In addition to the payments to Plaintiff and to the 107 collective members, the City agreed to pay $26,920.72 to compensate the undersigned counsel for the firm's attorneys' fees and litigation expenses. This amount is justified based on the time Plaintiffs' counsel has expended on this lawsuit. As of November 30, 2020, after counsel had filed the lawsuit, conducted discovery related to lead Plaintiff's claims, negotiated a joint stipulation with the City for the conditional

certification of the collective, sent out Court-approved Notices and Consent Forms, Edward Kang, Esquire, and Michael Weinert, Esquire had expended 14.9 hours and 125.9 hours, respectively, for a total of 140.8 attorney hours. *See* Declaration of Edward Kang, attached hereto as Exhibit B. Using hourly rates of $530 for Kang and $230 for Weinert,[2] the attorney loadstar accumulated by Plaintiff's counsel only up to conditional certification and filing of consent forms equals $36,854.00, which is higher than the proposed fee recovery under settlement.   Proposed attorney's fees should be fully compensated because Plaintiffs who have not been fully paid for out-of-class overtime hours will recover 100% of the unpaid overtime pay owed to them plus an additional 100% as liquidated damages. Moreover, because the proposed attorneys' fees are not drawn from the same fund being utilized to pay the class members, a reduction of the fees awarded to counsel will not enhance the payments to the class members. As such, the proposed attorneys' fees are reasonable.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and approve the settlement of this FLSA action.

Respectfully submitted,
**KANG HAGGERTY & FETBROYT LLC**

By: */s/ Susan Moon O*
Edward T. Kang
Susan Moon O
123 South Broad Street, Suite 1670
Philadelphia, PA 19109
Tel 215-525-5850
ekang@kanghaggerty.com
so@kanghaggerty.com
*Attorneys for Plaintiff Adriane Adeshigbin*

---

[2] Under the fee schedule developed by Philadelphia Community Legal Services (CLS), the rate for attorneys with 2-5 years of experience is $230-275 and the rate for attorneys with 16-20 years of experience is $475-530.

## **CERTIFICATION OF UNCONTESTED MOTION**

The undersigned has obtained defendant's concurrence in this motion pursuant to Local

Civil Rule 7.1.

Date:  December 15, 2021                    */s/ Susan Moon O*
                                            Susan Moon O

## CERTIFICATE OF SERVICE

I, Susan Moon O, hereby certify that on December 15, 2021, I caused a true and correct copy of the foregoing Plaintiff's Unopposed Motion for Approval of Collective Action Settlement to be served upon the following via email:

Christopher H. Rider
Tiffany R. Allen
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
*Attorneys for Defendant*

Stephanie K. Rawitt
Clark Hill PC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
*Attorney for Defendant*

*/s/Susan Moon O*
Susan Moon O

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (the "Agreement") dated _____ ("Effective Date") is made and entered into by and between Adriane Adeshigbin ("Adeshigbin"), on her individual behalf and on behalf of the Collective Plaintiffs (as defined below), and the City of Philadelphia, Pennsylvania (the "City"). Adeshigbin, the Collective Plaintiffs and the City are individually referred to herein as "Party" and are collectively referred to herein as the "Parties."

**WHEREAS**, on December 23, 2019, Adeshigbin brought an action in the United States District Court for the Eastern District of Pennsylvania captioned *Adriane Adeshigbin, and all those similarly situated v. The City of Philadelphia, Pennsylvania*, Case No. 2:19-cv-06079 (the "Action"), asserting claims under the Fair Labor Standards Act ("FLSA");

**WHEREAS**, following the Court's June 25, 2020 Order in the Action conditionally certifying the collective, a total of One Hundred Seventy-Three (173)[1] plaintiffs ("Collective Plaintiffs") submitted consents to become party plaintiffs in the Action and to designate lead Plaintiff, Adeshigbin, to make all decisions on behalf of all plaintiffs with regard to all matters pertaining to the action, including settlement;

**WHEREAS**, following a settlement conference before the Honorable Carol Sandra Moore Wells, the City, Adeshigbin and One Hundred Seven (107) persons from the Collective Plaintiffs ("Releasing Collective Plaintiffs") agreed to settle their differences and the remaining Sixty-Six (66) persons from the Collective Plaintiffs who are not the Releasing Collective Plaintiffs ("Non-Releasing Collective Plaintiffs") agreed to dismiss their claims without prejudice;

**WHEREAS**, the Parties desire to resolve the dispute between them and to avoid further litigation, and

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereby agree as follows:

1.    **Settlement Payment**.  In consideration for executing this Agreement, the City agrees to pay within sixty (60) days of receipt of a fully executed copy of this Agreement the following payments:

   A.  Three Hundred Dollars ($300.00) to Adriane Adeshigbin;

   B.  Thirteen Thousand Four Hundred Sixty Dollars and Thirty-Six Cents ($13,460.36) to the Releasing Collective Plaintiffs as identified and apportioned in the list attached hereto as Exhibit 1. The City will pay the Releasing Collective Plaintiffs through the City's payroll system;

---

[1] Two individuals, Stanley Bryson and Ralph Ross, submitted and later withdrew their consent to join form, and are not covered by this settlement.

    C.  Thirteen Thousand Four Hundred Sixty Dollars and Thirty-Six Cents ($13,460.36) to the Releasing Collective Plaintiffs as identified and apportioned in the list attached hereto as Exhibit 1. The City will either

        i.  pay the $13,460.36 to the Releasing Collective Plaintiffs directly as identified and apportioned in the list attached hereto as Exhibit 1; or

        ii.  pay

            a.  the $13,460.36 to Plaintiffs' counsel for Plaintiffs' counsel to administer payment to the Releasing Collective Plaintiffs as identified and apportioned in the list attached hereto as Exhibit 1; and

            b.  Plaintiffs' counsel's fees in administering the payment set forth in Section 1(C), up to Two Thousand Five Hundred Dollars ($2,500.00).

    D.  Twenty-Six Thousand Nine Hundred Twenty Dollars and Seventy-Two Cents ($26,920.72) to Plaintiffs' counsel for attorneys' fees and costs.

    2.  **Release of the City**.  Adeshigbin and the Releasing Collective Plaintiffs (collectively "Releasing Plaintiffs") do hereby release and forever discharge the City of Philadelphia, its agents, workers or employees, from all liability, actions, and causes of action, claims and demands related specifically to, in law or equity, a claim for wages, compensatory or other damages, injunctive relief, penalties, losses, attorneys' fees, costs, expenses, obligations, agreements, judgments and all other liability or remedies of any kind or description whatsoever, either in law or in equity, whether known or unknown, suspected or unsuspected, arising from Releasing Plaintiffs' employment with the City of Philadelphia, PA, against the City of Philadelphia, its agents, workers or employees, that Releasing Plaintiffs ever had or now have, dating from the beginning of time up to the Effective Date, for, or by reason of any cause, matter or thing whatsoever arising from Releasing Plaintiffs' employment with the City of Philadelphia related to unpaid out-of-class overtime pay, including, but not limited to: claims under the Fair Labor Standards Act; and/or claims for attorneys' fees, including litigation expenses and/or costs, for the consideration enumerated above, <u>provided</u>, <u>however</u>, nothing contained in this paragraph shall be construed as releasing the City from its obligations under this Agreement.

    3.  **Dismissal Without Prejudice**.  The Parties agree that the claims of the Non-Releasing Collective Plaintiffs shall be dismissed without prejudice.

    4.  **Tax**.  Plaintiffs will be responsible for any personal income taxes associated with the payments made pursuant to this Agreement, if any. Plaintiffs acknowledge that neither the City nor any of its representatives or counsel has made any representations as to the tax liability associated with payments made pursuant to this Agreement.

    5.  **No Admission of Liability**.  It is further understood that acceptance of this release and payment of the consideration herein named is not to be construed in any court whatsoever, or otherwise, as an admission of liability on the part of the City of Philadelphia, its

2

agents, servants, workers or employees for the causing of the said accident or incident above referred to

6. **<u>Right to Know Disclosure</u>**.  The parties to this Agreement acknowledge that the City of Philadelphia is a public "local agency" under and subject to the Commonwealth of Pennsylvania's Right to Know Act (the "Act"), 65 P.S. § 67.101 et seq.  Notwithstanding anything to the contrary contained in this Release, nothing in this Release is intended to supersede, modify, or diminish in any respect whatsoever any of the City's rights, obligations, and defenses under the Act, nor will the City be held liable for any disclosure of records, including information, that the City determines, in its sole discretion, is a public record subject to disclosure under the Act.

Now, on this ____ day of _____, 2021, I Adriane Adeshigbin, on my own behalf and on behalf of the Collective Plaintiffs declare that I have read this agreement and release, consulted with my attorney and understand that I will receive no further payment or other consideration. I am signing this agreement with the intention of being legally bound by it.


_____
Adriane Adeshigbin, individually and on behalf of Collective Plaintiffs

Sworn and subscribed before me
This _____ day of _____ 2021

_____
NOTARY PUBLIC

*Payment of any settlement funds is subject to applicable law relating to back taxes, liens or judgments that may be owed to the City of Philadelphia by claimant.*


APPROVED:

City of Philadelphia


_____

By:

3

EXHIBIT 1

| No. | Full Name | Damages (Section 1.B) | Liquidated Damages (Section 1.C) | Total |
|---|---|---|---|---|
| 1 | Abrams, Lasaundra | 78.65904705 | 78.65904705 | 157.3180941 |
| 2 | Agbemehia, Abdul | 79.97557678 | 79.97557678 | 159.9511536 |
| 3 | Alexander, Anthony D | 70.68926483 | 70.68926483 | 141.3785297 |
| 4 | Beauford, Anthony | 43.19526718 | 43.19526718 | 86.39053435 |
| 5 | Blount, Michael | 132.9685203 | 132.9685203 | 265.9370405 |
| 6 | Blyther, Allard R | 11.82854406 | 11.82854406 | 23.65708812 |
| 7 | Braxton, Craig A | 4.651526718 | 4.651526718 | 9.303053435 |
| 8 | Broadus, Jermaine A | 95.58263549 | 95.58263549 | 191.165271 |
| 9 | Brockington Jr, Milton J | 43.60134663 | 43.60134663 | 87.20269326 |
| 10 | Brown, Kristopher | 122.2203997 | 122.2203997 | 244.4407993 |
| 11 | Brown, Leonard M | 112.8029172 | 112.8029172 | 225.6058343 |
| 12 | Brown, Shawn M | 54.07950662 | 54.07950662 | 108.1590132 |
| 13 | Chapman, Shawntell M | 59.22346272 | 59.22346272 | 118.4469254 |
| 14 | Coley, Richard G | 164.371606 | 164.371606 | 328.743212 |
| 15 | Collins, Michael | 41.01091603 | 41.01091603 | 82.02183206 |
| 16 | Colquitt, Michael | 330.1866872 | 330.1866872 | 660.3733744 |
| 17 | Cooper, Gerald B | 5.390687023 | 5.390687023 | 10.78137405 |
| 18 | Copeland, Yusuf | 13.68673034 | 13.68673034 | 27.37346067 |
| 19 | Cossie, Michael A | 38.72633001 | 38.72633001 | 77.45266001 |
| 20 | Curry, Jeffrey W | 109.7673282 | 109.7673282 | 219.5346565 |
| 21 | Davis, Leonard M | 26.25902079 | 26.25902079 | 52.51804159 |
| 22 | Davis-Smith, Terri C | 23.21769231 | 23.21769231 | 46.43538462 |
| 23 | Daye, Christopher | 26.14257193 | 26.14257193 | 52.28514386 |
| 24 | Dixon, Lawrence | 155.7641138 | 155.7641138 | 311.5282277 |
| 25 | Donahue, John A | 15.53193861 | 15.53193861 | 31.06387722 |
| 26 | Duval Jr, James | 19.36538462 | 19.36538462 | 38.73076923 |
| 27 | Enoch, Junior L | 40.40384615 | 40.40384615 | 80.80769231 |
| 28 | Faison, Jerome C | 14.64196631 | 14.64196631 | 29.28393261 |
| 29 | Festa Iii, Dominic J | 31.85751028 | 31.85751028 | 63.71502055 |
| 30 | Forman, Roscoe | 315.8672715 | 315.8672715 | 631.7345431 |
| 31 | Fountain, Adonis J | 351.8696035 | 351.8696035 | 703.739207 |
| 32 | Freeman  Sr, Charles | 14.70443335 | 14.70443335 | 29.40886671 |
| 33 | Gack, James | 203.9568813 | 203.9568813 | 407.9137626 |
| 34 | Gainer, Daron | 23.99296774 | 23.99296774 | 47.98593548 |
| 35 | Garner, Franklin D | 41.36969466 | 41.36969466 | 82.73938931 |
| 36 | Gilbert, David M | 39.05540698 | 39.05540698 | 78.11081396 |
| 37 | Ginyard, Mark S | 399.8642318 | 399.8642318 | 799.7284635 |
| 38 | Glover, Jason | 64.43663829 | 64.43663829 | 128.8732766 |
| 39 | Hall, Brian | 161.065916 | 161.065916 | 322.1318321 |
| 40 | Harris, Hakiem | 31.5255138 | 31.5255138 | 63.0510276 |
| 41 | Henderson, Shavon M | 16.244 | 16.244 | 32.488 |
| 42 | Hernandez, Nelson | 118.2762772 | 118.2762772 | 236.5525543 |
| 43 | Himmons, Vanessa M | 675.4733304 | 675.4733304 | 1350.946661 |
| 44 | Hopkins, Monica A | 363.6221846 | 363.6221846 | 727.2443692 |

| 45 | Jackson, David A | 14.39183206 | 14.39183206 | 28.78366412 |
|---|---|---|---|---|
| 46 | Jackson, Timothy A | 425.1133149 | 425.1133149 | 850.2266297 |
| 47 | Jenkins, Eric T | 210.1248748 | 210.1248748 | 420.2497496 |
| 48 | Jeter, Steven | 10.38307692 | 10.38307692 | 20.76615385 |
| 49 | Jordan, Cynthia D | 770.5397299 | 770.5397299 | 1541.07946 |
| 50 | Jordan, Roy A | 145.5489107 | 145.5489107 | 291.0978215 |
| 51 | Kent, Joseph A | 13.61684654 | 13.61684654 | 27.23369308 |
| 52 | Kidd, George H | 25.4028001 | 25.4028001 | 50.80560019 |
| 53 | Lane, Donna M | 81.78114504 | 81.78114504 | 163.5622901 |
| 54 | Larry, Tatiana S | 212.744357 | 212.744357 | 425.488714 |
| 55 | Laspee, Jared A | 927.6032472 | 927.6032472 | 1855.206494 |
| 56 | Letman, Naquawna S | 4.199694656 | 4.199694656 | 8.399389313 |
| 57 | Lewis, Vincent | 326.6372482 | 326.6372482 | 653.2744963 |
| 58 | Louissaint, Jeanevens | 8.991145038 | 8.991145038 | 17.98229008 |
| 59 | Lumb, George | 156.3223739 | 156.3223739 | 312.6447479 |
| 60 | Macon-Reaves, Nicolette M | 269.6546564 | 269.6546564 | 539.3093128 |
| 61 | Madrak, Paul | 24.46244275 | 24.46244275 | 48.9248855 |
| 62 | Mallory, Michael E | 28.41038462 | 28.41038462 | 56.82076923 |
| 63 | Martin, Paris M | 27.65679972 | 27.65679972 | 55.31359944 |
| 64 | Mattison, Lurline A | 33.56175573 | 33.56175573 | 67.12351145 |
| 65 | Mcclellan, Craig | 99.87628791 | 99.87628791 | 199.7525758 |
| 66 | Mccoy, James L | 37.09783911 | 37.09783911 | 74.19567821 |
| 67 | Mccoy, Naffeza Z | 174.6454022 | 174.6454022 | 349.2908045 |
| 68 | Mitchell, Dennis L | 28.78366412 | 28.78366412 | 57.56732824 |
| 69 | Moore, Elton J | 142.6399672 | 142.6399672 | 285.2799343 |
| 70 | Nash, Geneva | 165.2720861 | 165.2720861 | 330.5441723 |
| 71 | Nelson, Tyrone A | 76.31710511 | 76.31710511 | 152.6342102 |
| 72 | Paone, Vincent J | 518.0947763 | 518.0947763 | 1036.189553 |
| 73 | Payne, Christopher C | 23.3929771 | 23.3929771 | 46.7859542 |
| 74 | Perry, Anthony J | 248.5077951 | 248.5077951 | 497.0155901 |
| 75 | Pharo, Michael | 227.774852 | 227.774852 | 455.549704 |
| 76 | Powell, Addae | 16.90751523 | 16.90751523 | 33.81503045 |
| 77 | Reed, Sonia B | 29.87259542 | 29.87259542 | 59.74519084 |
| 78 | Reid, Charron | 14.39183206 | 14.39183206 | 28.78366412 |
| 79 | Reid, Thomas P | 16.88715127 | 16.88715127 | 33.77430255 |
| 80 | Roberts, Lori L | 103.2798655 | 103.2798655 | 206.5597309 |
| 81 | Robinson, Anthony J | 322.8478584 | 322.8478584 | 645.6957169 |
| 82 | Robinson, Joseph | 50.70546519 | 50.70546519 | 101.4109304 |
| 83 | Robinson, Philip T | 11.63359978 | 11.63359978 | 23.26719956 |
| 84 | Ross, William B | 17.33 | 17.33 | 34.66 |
| 85 | Sanders, Calvin M | 194.9000587 | 194.9000587 | 389.8001174 |
| 86 | Simon Sr, Dewitt F | 387.0428641 | 387.0428641 | 774.0857282 |
| 87 | Smith, Derrick M | 16.02770951 | 16.02770951 | 32.05541901 |
| 88 | Smith, Jeremy | 53.07558145 | 53.07558145 | 106.1511629 |
| 89 | Smith, Sharif L | 130.2694099 | 130.2694099 | 260.5388198 |
| 90 | Smith, Troy | 491.7499149 | 491.7499149 | 983.4998297 |
| 91 | Sprowal, Dawn L | 59.26641221 | 59.26641221 | 118.5328244 |

| 92 | Stewart, Melvin | 14.3732026 | 14.3732026 | 28.74640519 |
| 93 | Stones, Angela | 32.19769231 | 32.19769231 | 64.39538462 |
| 94 | Summers, Tierrah D. | 85.47219268 | 85.47219268 | 170.9443854 |
| 95 | Sway, John | 35.98458015 | 35.98458015 | 71.96916031 |
| 96 | Thomas, Latosha S | 205.5667234 | 205.5667234 | 411.1334469 |
| 97 | Tucker, Suzanne A | 53.97687023 | 53.97687023 | 107.9537405 |
| 98 | Turner, John | 79.57447837 | 79.57447837 | 159.1489567 |
| 99 | Turner, Terrold A | 80.20665297 | 80.20665297 | 160.4133059 |
| 100 | Velazquez, Luis A | 53.99705226 | 53.99705226 | 107.9941045 |
| 101 | Walker Iii, William H | 39.94284204 | 39.94284204 | 79.88568409 |
| 102 | Watson, Rufino R | 247.7415782 | 247.7415782 | 495.4831565 |
| 103 | Weatherly, John E | 32.73622912 | 32.73622912 | 65.47245825 |
| 104 | Wesley, Eldridge M | 260.0809904 | 260.0809904 | 520.1619809 |
| 105 | Willis, Justin | 56.88240458 | 56.88240458 | 113.7648092 |
| 106 | Wimbush, Ahmad | 18.46634085 | 18.46634085 | 36.9326817 |
| 107 | Workman Luck, Sharon D | 0.293692308 | 0.293692308 | 0.587384615 |
| | **Grand Total** | **13460.35744** | **13460.35744** | **26920.71488** |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| _____ : | |
| ADRIANE ADESHIGBIN, and all those : | |
| similarly situated, : | CIVIL ACTION |
| : | |
| Plaintiffs, : | No. 2:19-cv-06079 |
| : | |
| v. : | *Jury Trial Demanded* |
| : | |
| THE CITY OF PHILADELPHIA, : | COLLECTIVE ACTION |
| PENNSYLVANIA, : | |
| : | |
| Defendant. : | |
| _____ : | |

## DECLARATION OF EDWARD T. KANG

I, Edward T. Kang, declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following are true and correct:

1.      I am the managing member at Kang Haggerty & Fetbroyt LLC ("KHF"), 123 S. Broad Street, Suite 1670, Philadelphia, PA 19109 and am personally familiar with the firm's involvement in this litigation.

2.      I submit this declaration to provide the Court with information concerning the fee lodestar and litigation expenses incurred by KHF during the litigation.

3.      I graduated in 2001 from Villanova University School of Law. I have been a member of the Pennsylvania and New Jersey bars since 2001 and the New York bar since 2008 and am admitted to practice to various United States Appellate Courts and to the United States Supreme Court. I am also a certified Panel Member of the American Arbitration Association for Commercial Litigation. I was rated "AV Preeminent" by the Martindale-Hubbell Peer Review Rating System in 2017 and have been recognized on the Super Lawyers list in from 2018 to 2021. A copy of my resume is attached as Exhibit 1.

1

4.      Attorney Michael Weinert graduated in 2017 from Widener University. He served as a law clerk in both state and federal court for over two years prior to joining KHF. He was a law clerk for the Honorable Chad F. Kenney in the Court of Common Pleas for Delaware County. After clerking in Delaware County, Michael next clerked in the United States District Court for the Eastern District of Pennsylvania. He is admitted to practice in Pennsylvania and New Jersey. A copy of Attorney Weinert's resume is attached as Exhibit 2.

5.      My hourly rate for 2020 was $800 and the hourly rate for Attorney Weinert for 2020 was $345.

6.      I believe the hourly rates charged by myself and Attorney Weinert in this matter are reasonable and consistent with the prevailing market rates for attorneys with similar level of skill and experience.

7.      Under the fee schedule developed by Philadelphia Community Legal Services (CLS), the rate for attorneys with 2-5 years of experience is $230-275 and the rate for attorneys with 16-20 years of experience is $475-530.

8.      For purposes of settlement, I only included work from inception of the matter up to the filing of consent forms following conditional certification of the collective. Attached as Exhibit 3 is the consolidated invoice, identifying the time spent by Attorney Weinert and myself on this matter. The time records have been redacted to exclude the identities of the collective members, the substance of attorney-client communications, and mental impressions of KHF attorneys.

9.      I expended 14.9 hours and Attorney Weinert expended 125.9 hours, for a total of 140.8 attorney hours. *See* Ex. 3. Using hourly rates of $530 for myself and $230 for Attorney Weinert, the attorney lodestar accumulated up to conditional certification and filing of consent forms equals $36,854.00, which is higher than the proposed fee recovery under settlement of $26,920.72.

2

10.     As of November 30, 2020, KHF also incurred a total of $1,366.35 in costs and expenses in connection with the litigation.

11.     Lead Plaintiff, Adriane Adeshigbin, has approved the settlement on her behalf and on behalf of the collective members.

I hereby declare, under penalty of perjury and pursuant to 28 U.S.C. §1745, that the above facts are true and correct.

Date: Dec. 15, 2021

_____
Edward T. Kang

# EXHIBIT 1

# EDWARD T. KANG

Kang Haggerty & Fetbroyt LLC
123 South Broad Street, Suite 1670, Philadelphia, PA 19109
Cell: (215) 738-2004;  Office: (215) 525-5850;  Fax: (215) 525-5860; E-mail: ekang@kanghaggerty.com

## EXPERIENCE

**Kang Haggerty & Fetbroyt LLC**                                     **Philadelphia, PA**
*Managing Member*                                              *May 2013 – Present*

Practice concentrated in complex business litigation.

Represents business owners, business entities, and entrepreneurs in all phases of litigation from initial case evaluation to trial.

Focuses on representing business disputes relating to shareholder dispute, partnership dispute, business torts, and fraud.

Tries cases in both jury and bench trials in both federal and state courts.

Manages the firm with seven litigation lawyers.

Practices in Pennsylvania, New Jersey, and New York.

**Weir & Partners LLP**                                          **Philadelphia, PA**
*Partner*                                                        *2008 – May 2013*
*Associate*                                                      *2003 –2007*

Practice concentrated in business litigation, including partnership dispute, shareholder dispute, and other business tort litigation.

**Morgan, Lewis & Bockius, LLP**                                 **Philadelphia, PA**
*Associate*                                                      *2001 – 2003*
*Law Clerk*                                                      *2000*

Practice concentrated on both transactional and litigation aspects relating to intellectual property matters.

## EDUCATION

**Villanova University School of Law**                            **Villanova, PA**
*Juris Doctor*                                                    *May 2001*

**Temple University**                                            **Philadelphia, PA**
*Master of Business Administration in Accounting*                 *May 1995*
*Bachelor of Business Administration in Management*               *May 1992*

## BAR MEMBERSHIP

Licensed to practice in New Jersey, New York, and Pennsylvania

## REPRESENTATIVE CASES

*Vizant Technologies, LLC v. Whitchurch and Davis,* No. 2:15-cv-00431 (EDPA 2016)

Client Name: Vizant Technologies
Year: 2016

Vizant Technologies, LLC, a company specializing in providing cost reduction services, sued its former employees for, among others, theft of trade secrets. After litigating in various courts including courts in Georgia and Pennsylvania, the US District Court in Pennsylvania entered judgment in favor of Vizant and against the defendants. The court entered judgement in favor of Vizant for over $2.2 million including attorney's fees. The court also issued permanent injunction against the defendants, prohibiting the defendants from interfering with Vizant's business.

*Snitow v. Snitow, et al.*, Philadelphia County CCP, Case No. 04182

Client Name: Sandra Snitow
Year: 2016

Plaintiff, a 50% partner in a partnership, sued her partner (brother) for, among others, breach of fiduciary duty for using the partnership assets to pay himself while depriving the plaintiff of her equal share in the partnership. After a bench trial, the court entered judgment in favor of plaintiff and against the defendant-partner.


## RECENT PUBLICATIONS

- *'Cosby' and the Use of Prior Bad Acts in the Civil Litigation Context* by Edward T. Kang and Ryan T. Kirk
  The Legal Intelligencer – July 22, 2021

- *Protective Orders in the Age of E-Discovery* by Edward T. Kang and Ryan T. Kirk
  The Legal Intelligencer – July 8, 2021

- *A Primer on Pennsylvania's Participations Theory  Discussions* by Edward T. Kang
  The Legal Intelligencer – June 24, 2021

- *Expert Witnesses in Pa. – What Materials Matter in Forming an Opinion?* by Edward T. Kang
  The Legal Intelligencer – May 20, 2021

- *These and more can be found here:*
  https://www.khflaw.com/news/publications/lawyer/edward-t-kang/

## <u>SPEAKING ENGAGEMENTS</u>

- Panelist, *The Complex Commercial Case in Arbitration*
  Bucks County Bar Association's Fourth Annual Business Law Institute – May 12, 2021

- Panelist, *D&O Indemnification Provisions in Corporate Governance Documents: Implementing 2020 DOJ Guidance*
  Strafford Publicatons – November 17, 2020

- Panelist, *Next-Level ADR — The Future is Now for Arbitration in Complex Cases*
  NAMWOLF Virtual Annual Meeting – September 16, 2020

- Panelist, *The Complex Commercial Case in Arbitration*
  Pennsylvania Bar Institute – March 13, 2020

- Panelist, *Emoji Law: Are You Prepared for Emojis, Emoticons and Hashtags in Litigation?*
  NAPABA Annual Convention – November 8, 2019

- Moderator, *2019 Roundtable Discussion on Diversity & Inclusion Efforts*
  The Legal Intelligencer – October 15, 2019

# EXHIBIT 2

# MICHAEL S. WEINERT

michael.scott.weinert@gmail.com • (484) 547-2140
2209 Broomall Street, Boothwyn, PA 19061

## EDUCATION

**Widener University Delaware Law School**, J.D., *cum laude,* May 2017

| | |
|---|---|
| *Activities*: | *Widener Law Review* - Editor |
| | Moot Court Honor Society - Vice President, Chair: Distinguished Jurist Competition |
| | Transactional Law Honor Society - Internal Manager |
| | LawMeets 2016 corporate competition and LawMeets 2017 bankruptcy competition |
| *Honors*: | Peter Tsoflias Most Outstanding Member Award Recipient for Transactional Law Honor Society |
| | Bernard S. Wildstein Scholarship and Performance Grant Scholarship Recipient |

**Moravian College**, B.A., Political Science, May 2013

| | |
|---|---|
| *Activities*: | Team Captain, Moravian College Men's Basketball |

## EXPERIENCE

**United States District Court, Eastern District of Pennsylvania**, Philadelphia, PA        November 2018-present
*Law Clerk to the Honorable Chad F. Kenney*
Drafted opinions/memorandums on topics that include: civil RICO, personal jurisdiction over foreign corporations, Section 1983 claims, immigration proceedings under the APA and consular nonreviewability (following *Din v. Kerry*), transfers for venue purposes, bad faith claims in breach of insurance contract matters, subject matter jurisdiction for foreign corporations, lack of subject matter under the forum defendant rule, misappropriation of trade secrets, and sexual discrimination under Title VII and the PHRA. Drafted a Rule 11 colloquy for a change of plea hearing. Helped develop Judge Kenney's policies and procedures.

**Court of Common Pleas of Delaware County**, Media, PA        July 2017-November 2018
*Law Clerk to The Honorable Chad F. Kenney*
Worked on a three-week trial for a medical malpractice action and worked on a trade secrets case under the Pennsylvania Uniform Trade Secrets Act that concluded with a two-week trial. Drafted an opinion addressing *res ipsa loquitur* in a medical malpractice context. Drafted an opinion after a bench trial under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Also, worked on Orphans' Court matters, such as wills, trusts, estates, and guardianships when Judge Kenney was presiding over Delaware County's Orphans' Court.

**United States Bankruptcy Court, District of Delaware**, Wilmington, DE        August 2016-December 2016
*Judicial Extern to The Honorable Kevin J. Carey*
Drafted a bench memo for a summary judgment motion involving the allowance of a 503(b)(9) administrative claim. Drafted opinion for the allowance of an administrative claim under 503(b)(1). Observed different Court proceedings.

**Law Offices of Chrissinger and Baumberger**, Wilmington, DE        July 2016-April 2017
*Law Clerk*
Drafted a wide variety of dispositive motions, memos, and other court submissions while working directly with the Attorneys. Attended meetings, depositions, and other litigation related matters.

**United States Attorney's Office, District of Delaware,** Wilmington, DE        June 2015-August 2015
*Summer Intern*
Drafted an appellate brief for the Third Circuit on whether a defendant's guilty plea was knowing and voluntary. Wrote a memo on whether an individual has a reasonable expectation of privacy in a hotel room that was obtained by fraud. Wrote a memo on what is not afforded "work product" protection in a grand jury context. Observed and provided research on narrow legal issues that arose during a trial that involved cyberstalking which resulted in death, the first of its kind in the nation.

**Interests:** Historical biographies, cooking, Philadelphia sports teams.
**Admitted to the Pennsylvania Bar**

# EXHIBIT 3

# KANG HAGGERTY

123 S. Broad Street
Suite 1670
Philadelphia, PA 19109

November 22, 2021

**Re:**  **Class Action re: OnePhilly**
      **Matter No. 2449-001**
      **Invoice #:  8851**

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/19/2019 | MSW | Research ███████████████ research ███████████████; write memo to ETK | 3.50 325.00/hr | 1,137.50 |
| 9/25/2019 | MSW | Research ███████████████; research ███████████████; write memo to ETK | 3.60 325.00/hr | 1,170.00 |
| 9/26/2019 | MSW | Research ███████████████; research ███████████████; write memo to ETK | 1.20 325.00/hr | 390.00 |
| 10/9/2019 | MSW | Discuss with Edward, re. ████████████████.; discuss with Beth ██████████████; research ████████. | 0.50 325.00/hr | 162.50 |
|  | AH | Confer with M. Kapnoutzi re: lead tracking spreadsheet; create same | 0.40 150.00/hr | 60.00 |

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/9/2019 | MSW | Call with Emil Rodgers, re. ███████████. ███████████; update lead spreadsheet; draft memo with notes. | 0.70 325.00/hr | 227.50 |
| | MSW | Review ████████████████████ ██████████████████ draft email to Edward and Alma. | 0.30 325.00/hr | 97.50 |
| | MSW | Review new lead; Insert new lead in spreadsheet. | 0.20 325.00/hr | 65.00 |
| 10/10/2019 | MSW | Call with ████████ regarding ██████████ representative in class action; write memo; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Call with ████████ regarding being a potential class representative; write memo; update spreadsheet. | 0.10 325.00/hr | 32.50 |
| | MSW | Call with ████████; update spreadsheet. | 0.20 325.00/hr | 65.00 |
| | MSW | Call to ████████; draft email to ████████; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Draft engagement agreement for ████████; draft email to Edward; draft email to Alma. | 0.50 325.00/hr | 162.50 |
| | MSW | Call ████████ regarding being a potential class representative (left message);  Call ████████ regarding being a potential class representative (left message); update spreadsheet. | 0.10 325.00/hr | 32.50 |
| | AH | Find ████████████████████ ████████ per request of M. Weinert | 0.40 150.00/hr | 60.00 |
| | MSW | Call with ████████ about being a potential class representative. | 0.30 325.00/hr | 97.50 |

Page    3

Class Action re: OnePhilly
Matter No. 2449-001

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/10/2019 | MSW |  | 0.10<br>325.00/hr | 32.50 |
|  | MSW | Review ██████████████ ████ research ████████████████. | 1.30<br>325.00/hr | 422.50 |
|  | MSW | Call ██████ and left message. | 0.10<br>325.00/hr | 32.50 |
|  | MSW | Call and left message with ██████. | 0.10<br>325.00/hr | 32.50 |
|  | MSW | Call and left message with ████████. | 0.10<br>325.00/hr | 32.50 |
|  | MSW | Call and left message with ██████. | 0.10<br>325.00/hr | 32.50 |
|  | MSW | Call ██████ regarding being a potential class representative; write memo; update spreadsheet. | 0.40<br>325.00/hr | 130.00 |
|  | MSW | Call with ██████. | 0.20<br>325.00/hr | 65.00 |
| 10/11/2019 | MSW | Research whether ████████████ ████████. | 1.40<br>325.00/hr | 455.00 |
|  | MSW | Call with ██████ about being a potential class rep; update spreadsheet. | 0.30<br>325.00/hr | 97.50 |
|  | MSW | Call with ██████ (on her husbands behalf); Call with ██████. | 0.50<br>325.00/hr | 162.50 |
|  | MSW | Call with ██████ regarding being a potential class representative; update spreadsheet. | 0.30<br>325.00/hr | 97.50 |

Class Action re: OnePhilly
Matter No. 2449-001

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/11/2019 | MSW | Draft email to Edward, re. ██████████ ████████. | 0.40 325.00/hr | 130.00 |
| | MSW | Research ████████████████████ ████████ | 0.50 325.00/hr | 162.50 |
| | MSW | Draft emails to leads that I left messages with. | 1.10 325.00/hr | 357.50 |
| 10/14/2019 | MSW | Review leads, update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Call ██████ (left message). | 0.10 325.00/hr | 32.50 |
| | MSW | Spoke with ██████████ about being a potential class rep.; update spreadsheet; write down notes. | 0.30 325.00/hr | 97.50 |
| | MSW | Call ████████ (left message). | 0.10 325.00/hr | 32.50 |
| 10/15/2019 | MSW | Call with ████████ about being a potential class rep.; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| 10/16/2019 | MSW | Draft engagement letter for ████████████ and ████████████; email ██████ and ██████ for their address. | 0.70 325.00/hr | 227.50 |
| | MSW | Call with ████████████. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with ████████████; call to ████████ (left message); call to ██████████████ (left message); updated spreadsheet. | 0.30 325.00/hr | 97.50 |
| 10/17/2019 | MSW | Begin drafting class action complaint; research ████████████ read ████ ████████████████; research ████████ | 4.50 325.00/hr | 1,462.50 |

Page    5

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | ██████████████████████; email Alma about researching ███████████████. | | |
| 10/17/2019 | MSW | Call with ██████████ about class action. | 0.10<br>325.00/hr | 32.50 |
| | MSW | Call with ██████████ about being a potential class rep; update spreadsheet. | 0.30<br>325.00/hr | 97.50 |
| 10/18/2019 | MSW | Email ██████████. | 0.10<br>325.00/hr | 32.50 |
| | MSW | Call with ██████████. | 0.10<br>325.00/hr | 32.50 |
| | MSW | Call to ██████████ (left message). | 0.10<br>325.00/hr | 32.50 |
| | AH | Research ████████████████████████████. | 1.50<br>150.00/hr | 225.00 |
| | MSW | Work on draft complaint. | 6.50<br>325.00/hr | 2,112.50 |
| | AH | Prepare draft cover sheets and forms for complaint | 0.60<br>150.00/hr | 90.00 |
| 10/19/2019 | MSW | Work on draft complaint. | 2.00<br>325.00/hr | 650.00 |
| 10/20/2019 | MSW | Finish draft complaint. | 2.50<br>325.00/hr | 812.50 |
| 10/21/2019 | MSW | Draft engagement letter for ██████████ and ██████████; email Edward. | 0.30<br>325.00/hr | 97.50 |
| | MSW | Call with ██████████; call with ██████████ (left message). | 0.30<br>325.00/hr | 97.50 |

Class Action re: OnePhilly

Page    6

Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/21/2019 MX | Circulate engagement letters and Consent forms to ███████████ and ███████████ | | 0.30<br>150.00/hr | 45.00 |
| 10/22/2019 MSW | Call with ███████ about being a potential class rep. | | 0.20<br>325.00/hr | 65.00 |
| MSW | Call with ███████ about OnePhilly. | | 0.10<br>325.00/hr | 32.50 |
| AH | Review and edit draft complaint | | 1.10<br>150.00/hr | 165.00 |
| MSW | Call to ███████████ (could not leave message, voicemail not set up); Spoke with █████ about potential claim. | | 0.30<br>325.00/hr | 97.50 |
| ETK | Review and revise a draft class/collective action complaint | | 2.00<br>740.00/hr | 1,480.00 |
| MSW | Review comments re draft complaint; research ███████████; research ███████; draft email to Edward. | | 0.50<br>325.00/hr | 162.50 |
| MSW | Call ███████ (left message). | | 0.10<br>325.00/hr | 32.50 |
| 10/23/2019 ETK | Confer with M. Weinert re ███████████ | | 0.30<br>740.00/hr | 222.00 |
| MSW | Research ████████████████; meet with Edward about defining the class/collective; research ████████████████; update draft complaint; research ████████████████ ████████; draft email to Edward. | | 5.80<br>325.00/hr | 1,885.00 |

Page    7

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/23/2019 | MSW | Email ███████, ████████, and ███████ regarding being class reps for firefighters lawsuit; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Draft engagement letter for ██████; email Edward. | 0.20 325.00/hr | 65.00 |
| | MSW | Call and email ███████ about payroll issues. | 0.20 325.00/hr | 65.00 |
| 10/24/2019 | MSW | Draft engagement letter for ████████. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with █████████ about being a class rep. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with ███████ about being a class rep. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with ████████ about being a class rep. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with █████████ about being a class rep. | 0.20 325.00/hr | 65.00 |
| | MSW | Call with ███████ about being a class rep; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Researach ██████████████████ ██████████ research and attempt to find ██████████████████ | 1.30 325.00/hr | 422.50 |
| | MSW | Call with █████████ (left message). | 0.10 325.00/hr | 32.50 |

Class Action re: OnePhilly
Matter No. 2449-001

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2019 | MSW | Call to ███████ (left message). | 0.10 325.00/hr | 32.50 |
| | MSW | Call to ██████ (left message). | 0.10 325.00/hr | 32.50 |
| | MSW | Begin working on complaint for firefighters. | 1.50 325.00/hr | 487.50 |
| 10/25/2019 | MSW | Draft engagement letter for ████████ and ██████ ████ | 0.20 325.00/hr | 65.00 |
| | MSW | Call to ████████ (left message), ████████ (left message), ████████████ (left message), ████████, ████████ (left message), ████████ (left message), ████████; update spreadsheet. | 0.80 325.00/hr | 260.00 |
| 10/28/2019 | MSW | Call ████████, ████████, and ████████ about being class reps. | 0.50 325.00/hr | 162.50 |
| | MSW | Draft ████████ and ████████ engagement letters | 0.20 325.00/hr | 65.00 |
| 10/29/2019 | MSW | Draft ████████ engagement letter; email Alma. | 0.10 325.00/hr | 32.50 |
| | MSW | Draft firefighters complaint. | 5.10 325.00/hr | 1,657.50 |
| | MSW | Call with ████████ (left message), ████████ (left message), ████████; draft ████████ engagement letter; update spreadsheet. | 0.40 325.00/hr | 130.00 |
| 10/30/2019 | ETK | Review and edit the draft complaint for the firefighters class | 2.00 740.00/hr | 1,480.00 |

Class Action re: OnePhilly
Matter No. 2449-001

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/31/2019 | MSW | Review ▮▮▮▮▮▮ and cross reference with our leads; read ▮▮▮▮▮. | 0.30 325.00/hr | 97.50 |
| 11/1/2019 | MSW | Call ▮▮▮, ▮▮▮, ▮▮▮, ▮▮▮; cross-reference all our leads with opt-in plaintiffs in 2013 lawsuit; update spreadsheet. | 0.40 325.00/hr | 130.00 |
| | MSW | Draft letter to ▮▮▮, re KHF cannot represent you. | 0.30 325.00/hr | 97.50 |
| | MSW | Call back ▮▮▮, ▮▮▮, ▮▮▮, ▮▮▮; update spreadsheet. | 0.30 325.00/hr | 97.50 |
| | MSW | Call with ▮▮▮. | 0.10 325.00/hr | 32.50 |
| 11/4/2019 | MSW | Draft ▮▮▮ engagement letter; email Alma. | 0.20 325.00/hr | 65.00 |
| 11/5/2019 | MSW | Work on draft complaint. | 0.50 325.00/hr | 162.50 |
| 11/6/2019 | MSW | Finish draft complaint. | 6.70 325.00/hr | 2,177.50 |
| 11/7/2019 | MSW | Draft letter to ▮▮▮, re KHF cannot represent you. | 0.30 325.00/hr | 97.50 |
| 11/11/2019 | MSW | Review ▮▮▮; read ▮▮▮. | 2.00 325.00/hr | 650.00 |
| 11/12/2019 | MSW | Work on draft complaint; email ▮▮▮. | 5.50 325.00/hr | 1,787.50 |
| 11/13/2019 | MSW | Finalize draft complaint for Edward's review; email Edward. | 2.10 325.00/hr | 682.50 |

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/20/2019 | ETK | Review and revise the draft complaint | 1.50<br>740.00/hr | 1,110.00 |
| 12/19/2019 | MSW | Finalize complaint - remove ████████ from complaint. | 0.50<br>325.00/hr | 162.50 |
| 12/23/2019 | MSW | Finalize complaint for filing. | 0.40<br>325.00/hr | 130.00 |
| | AH | Finalize complaint and file | 1.00<br>150.00/hr | 150.00 |
| 1/9/2020 | ETK | Review Rule 16 scheduling order; confer with M. Weinert re same | 0.30<br>800.00/hr | 240.00 |
| | MSW | Meet with Edward re Rule 16 conference and getting a new date; call Court inquiring into new date for Rule 16 conference; draft letter to Court, re new date for Rule 16 conference | 0.50<br>345.00/hr | 172.50 |
| | AH | Prepare and send letter to Judge Younge re rescheduling | 0.20<br>155.00/hr | 31.00 |
| | AH | Prepare and send courtesy copy of order to City Law Dept | 0.20<br>155.00/hr | 31.00 |
| 1/10/2020 | MSW | Draft initial disclosures. | 0.60<br>345.00/hr | 207.00 |
| | AH | Prepare correspondence to the City enclosing courtesy copy of Judge's rescheduling order | 0.20<br>155.00/hr | 31.00 |
| 1/15/2020 | MSW | Review paystubs sent from Adriane; update initial disclosures; email Edward re sent disclosures today | 0.50<br>345.00/hr | 172.50 |
| | ETK | E-mails to/from M. Weinert re initial disclosures | 0.20<br>800.00/hr | 160.00 |

Page  11

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/17/2020 | MSW | Draft letters to clients that are not part of complaint re terminating letter agreement. | 0.40 345.00/hr | 138.00 |
| 1/21/2020 | AH | Prepare and send out initial disclosures | 0.70 155.00/hr | 108.50 |
| 1/24/2020 | ETK | Meeting with M. Weinert re Rule 26(f) conference | 0.50 800.00/hr | 400.00 |
| | MSW | Review complaint and documents for rule 26(f) conference. | 1.70 345.00/hr | 586.50 |
| | MSW | Rule 26(f) teleconference with opposing counsel. | 0.80 345.00/hr | 276.00 |
| | MSW | draft joint report of rule 26(f) meeting | 1.60 345.00/hr | 552.00 |
| 1/27/2020 | MSW | Finalize joint 26(f) report and file. | 0.50 345.00/hr | 172.50 |
| | AH | Prepare and file Joint 26f report | 0.30 155.00/hr | 46.50 |
| 1/30/2020 | AH | Prepare hearing materials | 0.30 155.00/hr | 46.50 |
| | MSW | Review City's initial disclosures in preparing  for R16 conference | 2.50 345.00/hr | 862.50 |
| | MSW | Attend Rule 16 conference. | 1.50 345.00/hr | 517.50 |
| 1/31/2020 | ETK | Confer with M. Weinert re Rule 16 conference and next steps | 0.30 740.00/hr | 222.00 |
| 2/4/2020 | MSW | Prepare discovery requests. | 3.00 345.00/hr | 1,035.00 |

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/5/2020 | MSW | Draft and finalize first requests for production of documents for Plaintiff's individual claim. | 1.50 345.00/hr | 517.50 |
| | ETK | Review and revise the document requests directed to the city | 0.50 800.00/hr | 400.00 |
| | AH | Prepare and transmit requests for production of documents | 0.40 155.00/hr | 62.00 |
| 2/6/2020 | MSW | Draft email to opposing counsel re stipulation for liquidated damages. | 0.30 345.00/hr | 103.50 |
| 3/9/2020 | MSW | Review documents produced by Defendant on March 9, 2020. | 1.20 345.00/hr | 414.00 |
| | MSW | Draft topics of examination for City's 30(b)(6) designee. | 1.40 345.00/hr | 483.00 |
| 3/10/2020 | MSW | Review documents produced on March 10, 2020. | 0.20 345.00/hr | 69.00 |
| | MSW | Finalize notice of deposition of 30(b)(6) designee, including topics for examination and document requests. | 0.40 345.00/hr | 138.00 |
| | AH | Prepare and send NOD of corp. designee to counsel | 0.60 155.00/hr | 93.00 |
| | MSW | Review documents produced by Defendant. | 2.30 345.00/hr | 793.50 |
| | MSW | Research cases for drafting conditional certification motion. | 2.00 345.00/hr | 690.00 |
| 3/19/2020 | MSW | Draft email to City's counsel, re cancellation of 30(b)(6) deposition and propose extension of individual plaintiff's discovery deadline. | 0.10 345.00/hr | 34.50 |

Page 13

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/20/2020 MSW | Draft letter to Judge Younge re continuance request for plaintiff's individual claims discovery. | | 0.30 345.00/hr | 103.50 |
| 3/26/2020 MSW | Draft email to client, re: answers to interrogatories and document production. | | 0.10 345.00/hr | 34.50 |
| 3/27/2020 MSW | Email the City's attorney, re extension of time for Plaintiff to respond to interrogatories and request for production of documents. | | 0.10 345.00/hr | 34.50 |
| 4/17/2020 MSW | Review Interrogatories and Requests for Production of Documents from City; send email to client re documents needed for production. | | 0.50 345.00/hr | 172.50 |
| MSW | Review documents send from client. | | 0.20 345.00/hr | 69.00 |
| 4/20/2020 AH | Prepare and send discovery responses to City's counsel | | 1.30 155.00/hr | 201.50 |
| MSW | Draft responses to interrogatories and requests for production of documents for Plaintiff's individual claims. | | 3.90 345.00/hr | 1,345.50 |
| 5/5/2020 MSW | Draft lnterrogatories related to Plaintiff's individual claim. | | 1.10 345.00/hr | 379.50 |
| AH | Edit, finalize, and send plaintiff's interrogatories to opposing counsel | | 0.30 155.00/hr | 46.50 |
| 5/24/2020 MSW | Draft motion for conditional certification. | | 1.30 345.00/hr | 448.50 |
| 5/26/2020 MSW | Draft opt-in procedures for motion to conditionally certify collective action. | | 1.40 345.00/hr | 483.00 |
| MSW | Draft motion for conditional certification. | | 1.90 345.00/hr | 655.50 |

Page 14

Class Action re: OnePhilly
Matter No. 2449-001

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/27/2020 | MSW | Draft motion for conditional certification. | 8.10 345.00/hr | 2,794.50 |
| 5/28/2020 | MSW | Draft motion for conditional certification. | 2.60 345.00/hr | 897.00 |
| | ETK | Review and revise the Motion for Court Authorized FLSA Notice of Collective Action | 2.00 800.00/hr | 1,600.00 |
| 5/29/2020 | MSW | Review and finalize motion for conditional certification for filing. | 0.80 345.00/hr | 276.00 |
| | AJP | Proof and file Motion for Authorized FLSA Notice of Collective Action | 4.40 155.00/hr | 682.00 |
| | AJP | Draft cover letter to Judge Younge encl courtesy copies | 0.90 155.00/hr | 139.50 |
| 6/8/2020 | MSW | Email opposing counsel re responses to interrogatories | 0.10 345.00/hr | 34.50 |
| | ETK | Confer with M. Weinert re discussions with the city re the definition of the Collective | 0.20 800.00/hr | 160.00 |
| | MSW | Draft email to E. Kang re City's conditional certification proposal. | 0.30 345.00/hr | 103.50 |
| | MSW | Call with E. Kang re City's conditional certification proposal. | 0.10 345.00/hr | 34.50 |
| | MSW | Draft email to opposing counsel re conditional certification proposal. | 0.10 345.00/hr | 34.50 |
| 6/16/2020 | ETK | Review correspondence between city's counsel and M. Weinert re the definition of collective; confer with M. Weinert re same | 0.30 800.00/hr | 240.00 |

Page  15

Class Action re: OnePhilly
Matter No. 2449-001

|            |     |                                                                                             | Hrs/Rate        | Amount |
|------------|-----|---------------------------------------------------------------------------------------------|-----------------|--------|
| 6/17/2020  | MSW | Call with opposing counsel re proposed stipulation.                                         | 0.20<br>345.00/hr | 69.00  |
|            | MSW | Revise and edit proposed stipulation on conditional certification from opposing counsel.    | 1.10<br>345.00/hr | 379.50 |
| 6/18/2020  | MSW | Revise and edit proposed stipulation on conditional certification from opposing counsel.    | 0.30<br>345.00/hr | 103.50 |
| 6/23/2020  | ETK | E-mails to/from M. Weinert re collective definition proposed by the city                    | 0.20<br>800.00/hr | 160.00 |
| 6/25/2020  | ETK | Review order certifying a collective; e-mail to M. Weinert re next steps                    | 0.30<br>800.00/hr | 240.00 |
| 7/30/2020  | MSW | Review list of potential collective members provided by City.                               | 0.50<br>345.00/hr | 172.50 |
|            | ETK | Review the spreadsheet containing the collective members; confer with M. Weinert re next steps | 0.50<br>800.00/hr | 400.00 |
| 7/31/2020  | ETK | Review revised spreadsheet containing selective members                                     | 0.30<br>800.00/hr | 240.00 |
| 8/3/2020   | CC  | Create new spreadsheet with just contact information for employees based on OOC Data sheet   | 2.40<br>155.00/hr | 372.00 |
| 8/4/2020   | ETK | Confer with M. Weinert and M. Kapnoutzi re notice to the selective members                   | 0.20<br>800.00/hr | 160.00 |
| 8/5/2020   | MSW | Review spreadsheet of potential collective members to determine which city locations should have notices posted. | 0.50<br>345.00/hr | 172.50 |
|            | CC  | Print envelopes using mail merger for Adeshigbin matter                                      | 3.80<br>155.00/hr | 589.00 |

Page  16

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/12/2020 | ETK | Review notices to the selective; confer with M. Weinert re same; confer with A. Sponic re mailing | 1.00 800.00/hr | 800.00 |
| | AJP | Gather materials for mail | 2.70 155.00/hr | 418.50 |
| | AGS | Prepare envelopes for 8/18 mailing | 2.00 155.00/hr | 310.00 |
| | AGS | Confer with M. Weinert and A. Pecora re corrections to Notice | 0.10 155.00/hr | 15.50 |
| 8/13/2020 | SRM | Stuff envelopes to go to potential class members | 4.00 155.00/hr | 620.00 |
| | AJP | Prepare mail encl Notice and Consent Form | 7.10 155.00/hr | 1,100.50 |
| | AGS | Prepare notices for 8/18 mailing | 4.00 155.00/hr | 620.00 |
| | JC | Prepare notices for 8/18 mailing | 7.00 155.00/hr | 1,085.00 |
| | CC | Finish printing stamped envelopes for notices  per A. Pecora | 1.00 155.00/hr | 155.00 |
| 8/14/2020 | JC | Prepare notices for 8/18 mailing | 4.00 155.00/hr | 620.00 |
| | AJP | Prepare mail encl Notice and Consent Form | 5.50 155.00/hr | 852.50 |
| | SRM | Stuff envelopes to go to potential class members | 1.00 155.00/hr | 155.00 |
| 8/17/2020 | AJP | Prepare mail encl Notice and Consent Form | 1.80 155.00/hr | 279.00 |

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/18/2020 | AGS | Identify mailing addresses for potential class action members; prepare notice for same | 1.50 155.00/hr | 232.50 |
| | AJP | Finish preparing mail encl Notice and Consent Form, send all envelopes via USPS First Class Mail | 1.70 155.00/hr | 263.50 |
| | CC | Search unknown addresses for the notices per  A. Pecora | 1.00 155.00/hr | 155.00 |
| 9/9/2020 | AJP | File signed consent forms | 1.50 155.00/hr | 232.50 |
| 9/11/2020 | AJP | File signed consent forms | 0.40 155.00/hr | 62.00 |
| 9/15/2020 | AJP | File Consent Forms | 1.60 155.00/hr | 248.00 |
| | ETK | Review ███████████████████████; confer with M. Weinert re next steps | 1.00 800.00/hr | 800.00 |
| 9/16/2020 | ETK | Review ██████████████████ | 0.50 800.00/hr | 400.00 |
| | ETK | Confer with M. Weinert re case status and strategy | 0.30 800.00/hr | 240.00 |
| | AJP | File Consent Forms | 2.70 155.00/hr | 418.50 |
| 9/17/2020 | AJP | File Consent Forms | 0.40 155.00/hr | 62.00 |
| 9/18/2020 | ETK | Review seven additional plaintiffs in the collective action | 0.50 800.00/hr | 400.00 |
| | AJP | File Consent Forms | 0.80 155.00/hr | 124.00 |

Page  18

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/25/2020 | AJP | File Consent Forms | 0.50<br>155.00/hr | 77.50 |
| 9/30/2020 | AJP | File consent forms | 0.50<br>155.00/hr | 77.50 |
| 10/1/2020 | AJP | File Consent forms | 0.70<br>155.00/hr | 108.50 |
| 10/7/2020 | AJP | File Consent forms and draft letter to collective member re. no date on consent form | 0.90<br>155.00/hr | 139.50 |
| 10/8/2020 | MSW | Review notices that were returned as not deliverable; research new addresses and determine why notices were returned as not deliverable. | 0.60<br>345.00/hr | 207.00 |
| 10/16/2020 | AJP | Prepare list and materials for transmission of reminder email to potential collective members | 1.20<br>155.00/hr | 186.00 |
| | AJP | Draft and send letters via first class mail to collective members re. missing contact information | 0.40<br>155.00/hr | 62.00 |
| | CC | Transfer names from one excel sheet to another per A. Pecora | 0.40<br>155.00/hr | 62.00 |
| 10/19/2020 | AJP | Send reminder email to potential collective members with attached notice and consent form | 1.20<br>155.00/hr | 186.00 |
| | AJP | File consent forms | 0.40<br>155.00/hr | 62.00 |
| 11/3/2020 | AJP | File remaining consent forms, assemble collective member list/spreadsheet | 2.10<br>155.00/hr | 325.50 |
| 11/6/2020 | AJP | File consent forms | 0.40<br>155.00/hr | 62.00 |

Page 19

Class Action re: OnePhilly
Matter No. 2449-001

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/9/2020 | AJP | Send letter to collective member re. no consent form | 0.20<br>155.00/hr | 31.00 |
| 11/13/2020 | AJP | File consent forms | 0.70<br>155.00/hr | 108.50 |
| 11/19/2020 | AJP | File substitution of appearance for SMO to substitute MSW | 0.70<br>155.00/hr | 108.50 |
| 11/24/2020 | AJP | Draft status report, file consent form | 1.10<br>155.00/hr | 170.50 |
| 11/30/2020 | SMO | Review and revise status report for submission | 0.20<br>600.00/hr | 120.00 |
| | AJP | File consent form, finalize and file Status Report | 1.20<br>155.00/hr | 186.00 |
| | | For professional services rendered | 226.70 | $66,830.50 |

Additional Charges :

| | | Amount |
|---|---|---|
| 12/23/2019 | Complaint filing fee | 400.00 |
| 1/9/2020 | Priority mail to City Law Dept | 6.95 |
| 1/10/2020 | Courtesy copy of Judge's filed order to City's law department | 6.95 |
| 5/29/2020 | Postage for courtesy copies to Judge Younge sent via First Class Mail | 2.80 |
| 8/12/2020 | Postage to send notice of lawsuit to 801 potential class action members via First Class Mail | 520.65 |
| 8/13/2020 | Postage to send notice of lawsuit to 385 potential class action members via First Class Mail | 250.25 |
| 8/18/2020 | Postage to send notice of lawsuit to 39 potential class action members via First Class Mail | 25.35 |

Page  20

Class Action re: OnePhilly
Matter No. 2449-001

|  |  | Amount |
|---|---|---|
| 8/27/2020 | Fund EPS #1000026939 for Business Reply Mail Postage<br>Ref # 2449-001 | 100.00 |
| 10/9/2020 | Re-send eight (8) Notices and Consent Forms to new/forwarded addresses via first class mail | 5.20 |
| 10/16/2020 | Send four (4) letters to collective members re. no contact information via first class mail | 2.00 |
| 10/31/2020 | Business Reply Mail Postage | 29.40 |
| 11/30/2020 | Business Reply Mail Postage | 16.80 |
|  | Total additional charges | $1,366.35 |
|  | Total amount of this bill | $68,196.85 |
|  | Balance due | $68,196.85 |

## Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Allison Sponic | 7.60 | 155.00 | $1,178.00 |
| Alma Huselja | 4.50 | 155.00 | $697.50 |
| Alma Huselja | 5.00 | 150.00 | $750.00 |
| Andrew J. Pecora | 43.70 | 155.00 | $6,773.50 |
| Clare Choi | 8.60 | 155.00 | $1,333.00 |
| Edward T. Kang | 8.80 | 800.00 | $7,040.00 |
| Edward T. Kang | 6.10 | 740.00 | $4,514.00 |
| Justin Cross | 11.00 | 155.00 | $1,705.00 |
| Melanie Xu | 0.30 | 150.00 | $45.00 |
| Michael S. Weinert | 49.10 | 345.00 | $16,939.50 |
| Michael S. Weinert | 76.80 | 325.00 | $24,960.00 |
| Samantha R. Mitchell | 5.00 | 155.00 | $775.00 |
| Susan Moon O | 0.20 | 600.00 | $120.00 |